United States District Court
Southern District of Texas
**ENTERED**
March 07, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR GIAGNACOVO, (SPN #01507369) | § § § | |
| *Petitioner,* | § § | |
| vs. | § § | CIVIL ACTION NO. H-24-691 |
| ED GONZALEZ, Sheriff of Harris County, | § § § | |
| *Respondent.* | § § § | |

## MEMORANDUM OPINION AND ORDER

Hector Giagnacovo, (SPN # 01507369), is currently incarcerated in the Harris

County Jail.  Proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus by a

Person in State Custody under 28 U.S.C. § 2254, challenging his 2017 state-court

judgment and sentence.  (Dkt. 1).  Giagnacovo also filed a certified copy of his

inmate trust fund account statement, which the Court construes as a request to

proceed *in forma pauperis*.  (Dkt. 2).  After reviewing the documents provided by

Giagnacovo, the Court grants him leave to proceed *in forma pauperis*.  However,

after reviewing the petition and the applicable law under Rule 4 of the Rules

Governing Section 2254 Proceedings in the United States District Courts, the Court

determines that Giagnacovo's petition is barred by the one-year statute of limitations

1

found in 28 U.S.C. § 2244(d). Therefore, the Court dismisses this petition as untimely filed.

## I.   <u>BACKGROUND</u>

On August 23, 2017, the 338th District Court signed a judgment of conviction that sentenced Giagnacovo to ten years' community supervision after a jury found him guilty of evading arrest or detention with a vehicle in Harris County Cause Number 1525062. *See* Docket Search, www.hcdistrictclerk.com (visited Mar. 5, 2024). The Texas Fourteenth Court of Appeals affirmed Giagnacovo's conviction and sentence in March 2020. *See Giagnacovo v. State*, No. 14-17-00734-CR, 2020 WL 1467314 (Tex. App.—Houston [14th Dist.] Mar. 26, 2020, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals refused Giagnacovo's petition for discretionary review on September 16, 2020. *See* Texas Court of Criminal Appeals Case Inquiry, https://search.txcourts.gov (last visited Mar. 5, 2024). Giagnacovo did not seek further review of his conviction and sentence in the United States Supreme Court. (Dkt. 1, p. 3). Giagnacovo has not filed an application for a state writ of habeas corpus. (*Id.*).

On February 8, 2024, Giagnacovo filed a petition for a federal writ of habeas corpus in this Court, raising two claims of trial court error and two claims of ineffective assistance of counsel. (*Id.* at 5-10). He asks this Court to grant his petition, convert his sentence of community supervision to one of deferred

adjudication probation, apply the time he has already served on community supervision to this new sentence, and terminate his probation as fully served. (*Id.* at 15). Concerning the timeliness of his petition, Giagnacovo alleges that he was never told that a statute of limitations existed, that he did not have access to a law library from 2019 until 2022 due to the COVID-19 pandemic, and that neither his court-appointed attorney nor the public defender would help him. (*Id.* at 13-14). For the reasons explained below, the Court finds that Giagnacovo's petition is barred by the applicable one-year statute of limitations.

## II.   **DISCUSSION**

### A.   **One-Year Limitations Period**

Giagnacovo's petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), which contains a one-year limitations period. *See* 28 U.S.C. § 2244(d). That one-year period runs from the latest of four accrual dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to

3

cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). While the limitations period is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before ordering an answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). Giagnacovo's federal petition was filed on a standard form petition that sets out AEDPA's statute of limitations in full, giving him notice of the limitations period and an opportunity to explain why his petition should not be considered time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (providing that a court must assure that the parties have "fair notice and an opportunity to present their positions" before dismissing a *pro se* petition as barred by limitations). Giagnacovo responded to that question, raising his lack of knowledge, limitations on his ability to access the law library due to the COVID-19 pandemic, and the lack of legal assistance as reasons that should excuse his delay. (Dkt. 1, pp. 13-14).

Giagnacovo's AEDPA limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). An order placing a

4

defendant on community supervision, whether "regular" or deferred-adjudication community supervision, is a "judgment" for purposes of AEDPA. *See Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005) ("[A]n order of deferred adjudication community supervision, in addition to an order of straight or regular community supervision, is a judgment for purposes of section 2244.").

All of Giagnacovo's claims attack the validity of the 2017 jury trial that resulted in the judgment of conviction and sentence of community supervision. That judgment became final for purposes of federal habeas review on December 15, 2020, the date on which Giagnacovo's time to seek review in the United States Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (providing that a state prisoner's conviction becomes final for purposes of § 2244 when the time to file a petition for writ of certiorari in the Supreme Court has expired (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998))); *see also* Sup. Ct. R. 13(1) (providing that a petition for certiorari seeking review of a judgment of a state court that is subject to discretionary review must be filed within 90 days after entry of the order denying discretionary review). Under § 2244(d), the deadline for Giagnacovo to file a timely federal habeas petition raising claims challenging his judgment and sentence of community supervision was one year later, on December 15, 2021. But Giagnacovo did not file his federal habeas petition until February 8, 2024—well outside the one-year limitations period. His petition is therefore time-barred unless

a later accrual date applies.

Giagnacovo's petition does not disclose any basis for statutory tolling under § 2244(d). While § 2244(d)(2) provides that the time during which a properly filed application for state habeas relief or other collateral review is pending is not counted toward the limitations period, Giagnacovo has not filed a state habeas application. Giagnacovo has not alleged that any unconstitutional state action prevented him from filing his federal habeas petition before the expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). He has not alleged facts showing that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged facts showing that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). As a result, there is no statutory basis to allow Giagnacovo to avoid the effect of the limitations period, and his petition is barred unless another exception applies.

**B.     Equitable Tolling**

In some instances, equitable tolling can extend the limitations period. Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)

(equitable tolling applies only "in rare and exceptional circumstances"). A habeas "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875.  A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). Neither lack of knowledge of the law or filing deadlines nor status as a layman excuses delay. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases).  And the habeas petitioner has the burden of justifying equitable tolling. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

Giagnacovo's allegations fail to satisfy either element necessary to entitle him to equitable tolling.  First, his alleged lack of knowledge of the statute of limitations and his status as a layman do not excuse his delay. *See Felder*, 204 F.3d at 171-72. Giagnacovo does not explain why he has never filed a state habeas application, nor has he alleged any facts showing that he took any steps to pursue postconviction relief after the Court of Criminal Appeals denied his petition for discretionary

7

review. Equitable tolling is not intended to benefit those who sleep on their rights, *see Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012), and this long period of inactivity indicates a lack of due diligence.

Second, Giagnacovo has not shown that any extraordinary circumstance actually prevented him from timely filing his petition. While Giagnacovo alleges that his access to the jail law library was restricted during the COVID-19 pandemic, this Court and others have held that the intermittent lockdowns and limited access to prison and jail law libraries resulting from the COVID-19 pandemic do not, without more, constitute an "extraordinary circumstance" warranting equitable tolling. *See, e.g., United States v. Clay*, No. 2:20-236, 2021 WL 2018996 (S.D. Tex. May 18, 2021); *Farley v. Dir., TDCJ-CID*, No. 4:21-cv-676, 2022 WL 2183305, at *3 (E.D. Tex. Apr. 20. 2022) ("[T]he mere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance' warranting the application of equitable tolling."); *see also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) (holding that temporary denials of access to the law library are not an extraordinary circumstance warranting equitable tolling). Instead, the petitioner must allege facts showing a causal link between these service interruptions and his inability to file his federal petition. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (to be entitled to equitable tolling based on a lack of library access, the petitioner must show that the lack of access "actually *prevented*

[him] from timely filing his habeas petition"); *Henry v. Lumpkin*, No. 4:22-cv-01121, 2023 WL 4054971, at \*4 (S.D. Tex. May 24, 2023) (rejecting a claim of equitable tolling based on prison lockdowns due to the COVID-19 pandemic when there was no indication that the diminished access to law library materials actually prevented the petitioner from filing his federal petition), *report and recommendation adopted*, 2023 WL 4054966 (S.D. Tex. June 16, 2023); *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at \* 2-3 (N.D. Tex. Aug. 18, 2021) (holding that intermittent lockdowns, limited access to the prison law library, and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not actually prevent the petitioner from filing a federal habeas petition and so were not grounds for equitable tolling).

Giagnacovo has not made the required showing. While he asserts that he was denied law library access from 2019 until 2022, he does not explain how this diminished access actually impeded his ability to file his federal petition. His federal petition is filed on the approved form, which requires the petitioner only to state his claims and identify the specific facts supporting them; it does not require legal argument or citations to case law. Two of the claims Giagnacovo raises were raised and fully briefed in his direct appeal, indicating that no further research was needed as to those claims. In addition, Giagnacovo offers no explanation for his year-long delay in pursuing his rights even after the COVID-19 lockdowns and restrictions

9

were no longer in place.  While the Court recognizes that it may have been more challenging for Giagnacovo to prepare his federal habeas petition during the COVID-19 lockdowns, he has not established that any pandemic-related circumstances actually prevented him from filing his petition.

Because Giagnacovo has failed to satisfy either element necessary to entitle him to equitable tolling, the limitations period will not be extended on that basis. Giagnacovo's federal habeas petition is untimely and will be dismissed.

## III.  **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to

deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Giagnacovo has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV.   <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. Giagnacovo's certified inmate trust fund account statement, (Dkt. 2), is construed as a motion to proceed *in forma pauperis* and is **GRANTED**.

2. Giagnacovo's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED** with prejudice as untimely.

3. Final judgment will be separately entered.

4. Any other pending motions are **DENIED** as moot.

5. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this Order to the petitioner.

SIGNED at Houston, Texas, on _____*Mar 7*_____, 2024.

_____

DAVID HITTNER
UNITED STATES DISTRICT JUDGE